The Honorable Mike Beebe State Senator 211 West Arch Street Searcy, AR 72143
Dear Senator Beebe:
This is in response to your request for an opinion regarding the position of county coroner. You state that it is your understanding that the coroner is on call twenty-four hours a day, seven days a week. You have asked whether the position is or should be part-time or full-time, and you have presented the following specific question:
 Can a quorum court declare the position of coroner to be part-time and thereby remove certain fringe benefits available to other full-time county officials, or must a coroner be classified as full-time?
It is my opinion that there is no requirement that this be classified as a full-time position. Assuming that the county's obligation to provide all required services is not altered and that there is no resultant decrease in salary or compensation during a current term, it is my opinion that the county may, as a general matter, declare the position of coroner to be part-time. This also assumes that there is a rational basis for the classification. A constitutional challenge may, otherwise, ensue.
As you have noted in your correspondence, the coroner is an elected constitutional officer. See Ark. Const. art. 7, § 46. The coroner serves for a term of two years and performs ". . . such duties as are now or may be prescribed by law." Id. Seealso A.C.A. § 14-14-1301(a)(9) (1987) ("The county coroner shall perform such duties as are prescribed by law.") The position is not classified or identified as either part-time or full-time in the various Arkansas Code provisions that address the coroner's powers and duties. Nor has my research yielded a statutory requirement that the coroner be on call twenty-four hours a day, seven days a week. I assume, therefore, that either the coroner or the county has established this schedule.
Of particular significance for purposes of your question is the fact that the quorum court has the authority to fix the compensation of the coroner, within a specified minimum and maximum. Ark. Const. amend. 55, § 5 and A.C.A. § 14-14-1204(a) and (j) (Cum. Supp. 1991). I believe that the quorum court may classify the position as part-time provided there is no resultant decrease in the annual salary or compensation during a current term. Arkansas Code Annotated § 14-14-1203(d) (1987) states that:
 [a]ny decrease in the annual salary or compensation of a county officer shall not become effective until January 1 following a general election held after such decrease shall have been fixed by the quorum court of the county.
Section 14-14-1203(a) indicates that the term "compensation" includes "salary, hourly compensation, expense allowances, and other remunerations." You indicate that "certain fringe benefits" will be removed if the position is part-time. A conclusive determination would require consideration of the particular benefits involved. This office has previously indicated, for example, that the payment of health insurance premiums on behalf of a city officer would contravene a statutory prohibition against the officer's receipt of any "compensation." Op. Att'y Gen. 88-352. If the removal of the fringe benefits in question would in fact constitute a decrease in "compensation," such a decrease cannot become effective until the next general election. A.C.A. § 14-14-1203(d), supra. This will require a case-by-case determination.
This response also assumes that declaring the coroner position as part-time does not alter the county's obligation to provide for all of the coroner's services that are prescribed by state law. The county may reassign functions or services that are delegated by statute, but such reassignment may not alter the county's obligation to continue to provide the services. A.C.A. §§14-14-702(3) and 14-14-807(5).
It should also be noted, finally, that a constitutional challenge may result if there is no rational basis for the county's action in designating this as a part-time position. Your question appears to assume that the coroner's duties will remain unchanged. If that is the case, a question may arise concerning the basis for the change in classification. This, and the other factors addressed herein, must in my opinion be considered when analyzing the proposal.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh